IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PHILE ANDRA WATSON, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:20-CV- 181-G-BK |
| | § | |
| MEGAN J. BRENNAN, POSTMASTER GENERAL UNITED STATES POSTAL SERVICE, | § § § § | |
| | § | |
| DEFENDANT. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Plaintiff's two motions to reinstate case, Doc. 13 & Doc. 14, are before the Court for findings and a recommended disposition. For the reasons that follow, the motions should be **GRANTED**.

**A. PROCEDURAL HISTORY**

On January 24, 2020, Plaintiff filed this *pro se* employment discrimination action and paid the $400.00 filing fee. Doc. 1; Doc. 3. Having paid the fee, Plaintiff was responsible for obtaining a summons and effecting service of process on Defendant as required by Rule 4 of the Federal Rules of Civil Procedure. In March 2020, the Court warned Plaintiff that if he did not complete service of process by April 3, 2020, or demonstrate good cause for failing to do so, the case would be dismissed pursuant to Rule 4(m). Doc. 5. When summons was not returned as executed by April 29, 2020, the undersigned magistrate judge recommended that Plaintiff's case be dismissed, Doc. 8; and on June 2, 2020, the district judge accepted that recommendation and

dismissed this case without prejudice, Doc. 10; Doc. 11. In the interim, however, Plaintiff returned the executed summons, Doc. 9, and thereafter filed the two motions at bar on June 23 and June 25, 2020, Doc. 13; Doc. 14. Plaintiff now requests a 45-day extension to serve Defendant once his case is reinstated so as to avoid any negative impact on the timeliness of his claims, which he contends were timely filed in this action after receiving the EEOC's final decision. Doc. 13 at 2.

**B. APPLICABLE LAW**

Plaintiff does not invoke any rule in support of his self-styled motions to reinstate, but he appears to be asking that the Court reconsider the dismissal of his case. Because the Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration, such motions are generally analyzed under the standards for a motion to alter or amend judgment under Rule 59(e) if the motion was filed within 28 days of the challenged order as they were in this case. *Shepherd v. International Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004).

Rule 59(e) has been interpreted as covering motions to vacate judgments, not just motions to modify or amend. *Edward H. Bohlin Co., Inc. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). District courts have considerable discretion in deciding whether to reopen a case under Rule 59(e). *Id.* (citation omitted). In exercising this discretion, the court must strike the proper balance between the need for finality and the need to render a just decision based on all the facts. *Id*. That obligation is increased "when the judgment, absent amendment, creates or results in a manifest injustice." 12 James Wm. Moore et al., *Moore's Federal Practice* § 59.30[5] [a][v] (Matthew Bender 3d ed. 2003).

**C. ANALYSIS**

Plaintiff contends that, since the dismissal of his case, he has come to understand that his effort to serve Defendant was ineffective because he attempted to personally serve her via certified mail return receipt requested. Doc. 13 at 1-2; *see* FED. R. CIV. P. 4(c)(2) ("Any person who is at least 18 years old *and not a party* may serve a summons and complaint.") (emphasis added). Upon consideration of the applicable law and Plaintiff's *pro se* status, the Court finds that granting Plaintiff Rule 59 relief is in the interests of justice and outweighs the need for finality in a case that is still in its relative infancy. *Edward H. Bohlin Co., Inc.*, 6 F.3d at 355; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"). Accordingly, Plaintiff should be granted a final opportunity to properly serve Defendant in compliance with Rules 4(c)(2), 4(i), and any other applicable provision of Rule 4.

**D. CONCLUSION**

For the reasons stated, it is **RECOMMENDED** that Plaintiff's *Motions to Reinstate Case*, Doc. 13 & Doc. 14, be **GRANTED**, and Plaintiff be given 45 days from the date of the adoption of this recommendation to effect proper service of process. In the event he fails to do so, the Court should dismiss this action without further notice.

**SIGNED** on October 30, 2020.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's findings, conclusions and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).