IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PHILE ANDRA WATSON, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:20-CV- 181-G-BK |
| | § | |
| MEGAN J. BRENNAN, POSTMASTER | § | |
| GENERAL UNITED STATES POSTAL | § | |
| SERVICE, | § | |
| | § | |
| DEFENDANT. | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this matter was referred to the United States magistrate judge for case management. Before the Court is Plaintiff's *Application for Extension of Time to File Petition for Writ of Certiorari to the United States Court of Appeals for the Third Circuit*. Doc. 82. For the reasons that follow, Plaintiff's motion should be **DENIED**.

## I. BACKGROUND

Plaintiff, proceeding *pro se*, alleged in the operative complaint that Defendant, his former employer, discriminated and retaliated against him based on his sex and age in

violation of Title VII and the Age Discrimination in Employment Act.[1]  Doc. 34 at 2-4. Plaintiff also asserted a claim for intentional infliction of emotional distress.  Doc. 34 at 3.  The Court ultimately granted summary judgment to Defendant and dismissed this case with prejudice.  Doc. 70; Doc. 73; Doc. 74.  Plaintiff timely appealed, and on November 17, 2023, the Court of Appeals for the Fifth Circuit entered judgment affirming this Court's judgment.  Doc. 80; Doc. 81.  The motion *sub judice* followed.  Doc. 82.

## II. ANALYSIS

Plaintiff requests an extension of time to file a petition for certiorari.  Doc. 82 at 1. As an initial matter, however, Plaintiff indicates that he intends to file his petition with a sister appellate court, which is not the appropriate court to appeal from the Fifth Circuit's judgment.  *See* https://www.uscourts.gov/about-federal-courts/educational-resources/about-educational-outreach/activity-resources/supreme-1 (explaining that "[p]arties who are not satisfied with the decision of a lower court must petition the U.S. Supreme Court to hear their case.  The primary means to petition the court for review is to ask it to grant a writ of certiorari.").  Even liberally construing Plaintiff's motion as seeking an extension of time to file his petition in the United States Supreme Court, this Court does not have the power to grant it because such relief must be sought from United

---

[1] While Plaintiff initially claimed discrimination based on his race as well, he abandoned that claim in his response to Defendant's summary judgment motion.  *See* Doc. 65 at 17-19 ("Race Discrimination was amended and no longer a part of this Lawsuit.").

States Supreme Court. *See* U.S. SUP. CT. R. 13.5 ("For good cause, a [Supreme Court] Justice may extend the time to file a petition for a writ of certiorari for a period not exceeding 60 days.").

## III. CONCLUSION

For the foregoing reasons, Plaintiff's *Application for Extension of Time to File Petition for Writ of Certiorari to the United States Court of Appeals for the Third Circuit*, Doc. 82, should be **DENIED**.

**SO RECOMMENDED** on May 2, 2024.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).